**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
804-644-1700
loc.pfeiffer@kutakrock.com
peter.barrett@kutakrock.com
*Counsel to the Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DELTA CAREER EDUCATION CORPORATION, | ) | Case No. 18-33822 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-3135135 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| DELTA EDUCATIONAL SYSTEMS, INC., | ) | Case No. 18-33818 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-1859702 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| NATIONAL CAREER EDUCATION, INC., | ) | Case No. 18-33829 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-2963855 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| SOUTHWEST BUSINESS COLLEGES, INC., | ) | Case No. 18-33831 |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| Tax I.D. No. 84-0743438 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| CREATIVE CIRCUS, INC., | ) | Case No. 18-33814 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-0001026 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| ATLANTIC COAST COLLEGES, INC., | ) | Case No. 18-33820 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-1404068 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| MCCANN EDUCATION CENTERS, INC., | ) | Case No. 18-33828 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 23-2192761 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| BERKS TECHNICAL INSTITUTE, INC., | ) | Case No. 18-33821 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4359439 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| MCCANN SCHOOL OF BUSINESS AND TECHNOLOGY, INC., | ) | Case No. 18-33825 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 72-1132608 | ) | |

4813-2336-6758.2

| | |
|---|---|
| In re: | Chapter 7 |
| MILLER-MOTTE BUSINESS COLLEGE, INC., | Case No. 18-33827 |
| Debtor. | |
| Tax I.D. No. 56-1251751 | |
| In re: | Chapter 7 |
| PALMETTO TECHNICAL COLLEGE, INC., | Case No. 18-33801 |
| Debtor. | |
| Tax I.D. No. 54-2006130 | |
| In re: | Chapter 7 |
| PIEDMONT BUSINESS COLLEGES, INC., | Case No. 18-33830 |
| Debtor. | |
| Tax I.D. No. 56-1554202 | |
| In re: | Chapter 7 |
| ACADEMY OF COURT REPORTING, INC., | Case No. 18-33819 |
| Debtor. | |
| Tax I.D. No. 34-1083484 | |
| In re: | Chapter 7 |
| THE MIAMI-JACOBS BUSINESS COLLEGE COMPANY | Case No. 18-33826 |
| Debtor. | |
| Tax I.D. No. 76-0389487 | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 7 CASES AND (II) GRANTING RELATED RELIEF**

Delta Career Education Corporation and its debtor affiliates, as debtors in the above-captioned chapter 7 cases (collectively, the "Debtors"), respectfully state the following in support of this motion:

**Background**

1. On July 26 and July 27, 2018, the Debtors filed voluntary petitions under chapter 7 of the Bankruptcy Code. At this time, no interim trustee has been appointed for the Debtors' cases.

2. The Debtors are seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in order to complete the wind down of their affairs.

**Relief Requested**

3. For purposes of efficiency, the Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of these chapter 7 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Delta Career Education Corporation (the ultimate parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DELTA CAREER EDUCATION | ) | Case No. 18-33822 |

CORPORATION, *et al.*,[1]            )
                                     )
              Debtors.               )        Jointly Administered
_____      )

    4.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

    5.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Delta Career Education Corporation to reflect the joint administration of these chapter 7 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 7 cases of: Delta Career Education Corporation, Case No. 18-33822; Delta Educational Systems, Inc., Case No. 18-33818; National Career Education, Inc., Case No. 18-33829; Southwest Business Colleges, Inc., Case No. 18-33831; Creative Circus, Inc., Case No. 18-33814; Atlantic Coast Colleges, Inc., Case No. 18-33820; McCann Education Centers, Inc., Case No. 18-33828; Berks Technical Institute, Inc., Case No. 18-33821; McCann School of Business and Technology, Case No. 18-33825; Miller-Motte Business College, Inc., Case No. 18-33827; Palmetto Technical College, Inc., Case No. 18-33801; Piedmont Business Colleges, Inc., Case No. 18-33830; Academy of Court Reporting, Inc., Case No. 18-33819; and The Miami-Jacobs Business College Company, Case No. 18-33826. The docket in Case No. 18-33822 should be consulted for all matters affecting this case.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include Delta Career Education Corporation (5135); Delta Educational Systems, Inc. (9702); National Career Education, Inc. (3855); Southwest Business Colleges, Inc. (3438); Creative Circus, Inc. (1026); Atlantic Coast Colleges, Inc. (4068); McCann Education Centers, Inc. (2761); Berks Technical Institute, Inc. (9439); McCann School of Business and Technology (2608); Miller-Motte Business College, Inc. (1751); Palmetto Technical College, Inc. (6130); Piedmont Business Colleges, Inc. (4202); Academy of Court Reporting, Inc. (3484); and The Miami-Jacobs Business College Company (9487).

4813-2336-6758.2

**Jurisdiction and Venue**

6. The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), and Rules 1015-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rule(s)").

**Basis for Relief**

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The fourteen (14) Debtor entities that commenced chapter 7 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, Local Bankruptcy Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within 14 days after the meeting of creditors and gives notice of a hearing date on such objection.

Local Bankr. R. 1015-1.

11. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. Joint administration

4813-2336-6758.2

of these chapter 7 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The entry of an order directing joint administration of these chapter 7 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the chapter 7 trustee, the U.S. Trustee and all parties in interest to monitor these chapter 7 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the estates. Accordingly, the Debtors submit that the joint administration of these chapter 7 cases is in the best interests of the respective estates, their creditors, and all other parties in interest.

### Waiver of Memorandum of Points and Authorities

13. The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### Notice

14. The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Debtors' secured creditor; (c) the United States Attorney's Office for the Eastern District of Virginia; (d) the Internal Revenue Service; (e) the Debtors' current banks; (f) the office of the attorneys general for the states in which the Debtors operated; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

4813-2336-6758.2

## No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

      /s/ Peter J. Barrett
**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
804-644-1700
loc.pfeiffer@kutakrock.com
peter.barrett@kutakrock.com
*Counsel to the Debtors*

4813-2336-6758.2

# **EXHIBIT A**

**Proposed Order**

**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
804-644-1700
loc.pfeiffer@kutakrock.com
peter.barrett@kutakrock.com
*Counsel to the Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DELTA CAREER EDUCATION CORPORATION, | ) | Case No. 18-33822 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-3135135 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| DELTA EDUCATIONAL SYSTEMS, INC., | ) | Case No. 18-33818 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-1859702 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| NATIONAL CAREER EDUCATION, INC., | ) | Case No. 18-33829 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-2963855 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| SOUTHWEST BUSINESS COLLEGES, INC., | ) | Case No. 18-33831 |
| | ) | |
| Debtor. | ) | |

4813-2336-6758.2

| | | |
|---|---|---|
| Tax I.D. No. 84-0743438 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| CREATIVE CIRCUS, INC., | ) | Case No. 18-33814 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-0001026 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| ATLANTIC COAST COLLEGES, INC., | ) | Case No. 18-33820 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 54-1404068 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| MCCANN EDUCATION CENTERS, INC., | ) | Case No. 18-33828 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 23-2192761 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| BERKS TECHNICAL INSTITUTE, INC., | ) | Case No. 18-33821 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4359439 | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| MCCANN SCHOOL OF BUSINESS AND TECHNOLOGY, INC., | ) | Case No. 18-33825 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 72-1132608 | ) | |

4813-2336-6758.2

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| MILLER-MOTTE BUSINESS COLLEGE, INC., | ) ) ) ) | Case No. 18-33827 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 56-1251751 | ) ) | |
| In re: | ) ) | Chapter 7 |
| PALMETTO TECHNICAL COLLEGE, INC., | ) ) | Case No. 18-33801 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 54-2006130 | ) | |
| In re: | ) ) | Chapter 7 |
| PIEDMONT BUSINESS COLLEGES, INC., | ) ) ) | Case No. 18-33830 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 56-1554202 | ) ) | |
| In re: | ) ) | Chapter 7 |
| ACADEMY OF COURT REPORTING, INC., | ) ) | Case No. 18-33819 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 34-1083484 | ) ) | |
| In re: | ) ) | Chapter 7 |
| THE MIAMI-JACOBS BUSINESS COLLEGE COMPANY | ) ) | Case No. 18-33826 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 76-0389487 | ) | |

3

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 7 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"): (a) directing the joint administration of the Debtors' chapter 7 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  The above-captioned chapter 7 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 18-33822.

3.  The caption of the jointly administered cases should read as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4813-2336-6758.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| DELTA CAREER EDUCATION CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 18-33822 |
| Debtors. | ) ) ) | Jointly Administered |

4.  The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.  A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Delta Career Education Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 7 cases of: Delta Career Education Corporation, Case No. 18-33822; Delta Educational Systems, Inc., Case No. 18-33818; National Career Education, Inc., Case No. 18-33829; Southwest Business Colleges, Inc., Case No. 18-33831; Creative Circus, Inc., Case No. 18-33814; Atlantic Coast Colleges, Inc., Case No. 18-33820; McCann Education Centers, Inc., Case No. 18-33828; Berks Technical Institute, Inc., Case No. 18-33821; McCann School of Business and Technology, Case No. 18-33825; Miller-Motte Business College, Inc., Case No. 18-33827; Palmetto Technical College, Inc., Case No. 18-33801; Piedmont Business Colleges, Inc., Case

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include Delta Career Education Corporation (5135); Delta Educational Systems, Inc. (9702); National Career Education, Inc. (3855); Southwest Business Colleges, Inc. (3438); Creative Circus, Inc. (1026); Atlantic Coast Colleges, Inc. (4068); McCann Education Centers, Inc. (2761); Berks Technical Institute, Inc. (9439); McCann School of Business and Technology (2608); Miller-Motte Business College, Inc. (1751); Palmetto Technical College, Inc. (6130); Piedmont Business Colleges, Inc. (4202); Academy of Court Reporting, Inc. (3484); and The Miami-Jacobs Business College Company (9487).

No. 18-33830; Academy of Court Reporting, Inc., Case No. 18-33819; and The Miami-Jacobs Business College Company, Case No. 18-33826. The docket in Case No. 18-33822 should be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Eastern District of Virginia shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 7 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 7 cases.

8. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

9. Notice of the Motion as provided therein is good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

10. The Debtors and the appointed chapter 7 trustee are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:
Richmond, Virginia                                   UNITED STATES BANKRUPTCY JUDGE

4813-2336-6758.2

We ask for this:

/s/
**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
804-644-1700
loc.pfeiffer@kutakrock.com
peter.barrett@kutakrock.com
*Counsel to the Debtors*

### CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/

4813-2336-6758.2